# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 53058

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

DONTE TYREECE KANE EDMO,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Filed: March 23, 2026

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Darren B. Simpson, District Judge.

Judgment of conviction and unified sentence of five years, with a minimum period of confinement of two years, for unlawful possession of a firearm, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Abigael E. Schulz, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before TRIBE, Chief Judge; GRATTON, Judge;
and LORELLO, Judge

_____

PER CURIAM

    Donte Tyreece Kane Edmo pled guilty to unlawful possession of a firearm, Idaho Code § 18-3316. In exchange for his guilty plea, an additional charge was dismissed including an allegation that he is a persistent violator. The district court sentenced Edmo to a unified term of five years, with a minimum period of confinement of two years.[1] Edmo appeals, arguing that his sentence is excessive.

_____

[1]    This sentence was ordered to run consecutively to the sentences imposed in Edmo's four other cases.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Edmo's judgment of conviction and sentence are affirmed.